.LIEBERMAN et al. v. BALTIMORE & O. R. CO.

(Supreme Court, Appellate Term.   April 8, 1909.)

1. EVIDENCE (§ 373*)—PRIVATE WRITINGS—COPIES—ADMISSIBILITY.
    It is error to receive in evidence a paper purporting to be a copy of bill of lading, but not shown to be such.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1593; Dec. Dig. § 373.*]

2. EVIDENCE (§ 181*)—BEST AND SECONDARY—FOUNDATION FOR SECONDARY EVIDENCE.
    It is error to receive in evidence a copy of a bill of lading, without foundation laid for the introduction of secondary evidence.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 600; Dec. Dig. § 181.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    Where, in an action against a carrier to recover demurrage charges paid under protest, plaintiff claimed that the car was shipped with · directions to notify it at 95 F. street, and the carrier that it was directed to notify plaintiff at 45 F: street, error in the admission of a paper offer-

---

· *For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed by plaintiff, purporting to be a copy of the bill of lading, was ground for a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4153; Dec. Dig. § 1050.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Katy Lieberman and another, doing business as the Standard Crockery Company, against the Baltimore & Ohio Railroad Company. Judgment for plaintiffs, and defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Cravath, Henderson & De Gersdorff (Arthur W. Clement, of counsel), for appellant.

Samuel Kahan, for respondents.

SEABURY, J. The plaintiff sues to recover a sum of money paid to an alleged agent of the defendant under protest for demurrage charges accrued upon a car of stoneware consigned to the plaintiff. The plaintiff claims that the car was shipped with directions to notify the plaintiff at 95 Forsyth street of the arrival of the car. The defendant claimed that it was directed to notify the plaintiff at 45 Forsyth street.

Against the objection and exception of the defendant the court received in evidence a paper purporting to be a copy of the bill of lading. This paper was not shown to be a copy of the bill of lading, nor was any foundation laid for the introduction of secondary evidence. In view of the issue in dispute, the reception of this evidence was prejudicial to the defendant, and requires that the judgment should be reversed.

Our attention is called to other errors which were committed upon the trial; but, as the judgment must be reversed for the reason stated above, it is unnecessary to discuss them at this time.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.